UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| D.G., an individual,<br>Plaintiff,<br>v.<br>VICI PROPERTIES, L.P., a foreign limited partnership, et al.,<br>Defendants. | Case No. 2:25-cv-02126-JCM-DJA<br>**ORDER** |

Presently before the court is defendants' motion to dismiss. (ECF No. 10). Plaintiff filed a response to the motion (ECF No. 14), to which defendants replied. (ECF No. 15). For the reasons explained below, the court grants defendants' motion to dismiss.

## I. Background

This is an action arising from sex trafficking allegations. Plaintiff D.G. has filed a complaint against MGM Resorts International ("MGM"), Vici Properties L.P., and Vici Properties 2 L.P. ("VICI"). (ECF No. 1). D.G. alleges that defendants are beneficiaries and perpetrators of her sex trafficking under 18 U.S.C. § 1595(a) (the Trafficking Victims Protection Reauthorization Act (TVPRA)).

The basis of D.G.'s complaint takes place in the spring of 2020. D.G. claims that her trafficker coerced her to perform various commercial sex acts at the Excalibur hotel, which is owned by VICI and operated by MGM. (ECF No. 1 at 17). D.G. alleges that she had multiple interactions with Excalibur hotel employees all while exhibiting well-recognized human trafficking indicators such as inappropriate attire, paying for hotel rooms in cash, and having excessive quantities of drugs, condoms, and soiled linens. *Id*.

D.G. believes that defendants, as owners and operators of the Excalibur hotel, knew or should have known she was being trafficked. Additionally, D.G. alleges that defendants are vicariously liable for Excalibur hotel employee's failure to intervene, thus allowing her trafficking to continue. *Id*. at 5. D.G. claims that defendants deliberately avoided implementing trafficking trainings, hiring

security personnel, surveilling Wi-Fi usage for illegal activity, investigating guest complaints and online reviews, and refusing room rentals to suspicious guests so they can maintain revenue. *Id.* at 4. D.G. alleges a claim against defendants under the TVPRA.

**II. Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id*.

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments ... undue prejudice to the opposing party ... futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**III. Discussion**

A. <u>TVPRA Claim</u>

As a preliminary matter, the court finds that plaintiff D.G. plausibly alleges that she was a victim of sex trafficking under 18 U.S.C. § 1591. Sex trafficking means the victim engaged in commercial sex acts either while under 18 years of age or due to force, threat of force, fraud, or coercion. 18 U.S.C. § 1591(a). Plaintiff claims her trafficker coerced her into commercial sex acts and forced her to endure physically and mentally traumatizing events. (ECF No. 1 at 16-17). Plaintiff therefore has standing to sue under the TVPRA.

B. <u>12(b)(6)</u>

VICI and MGM argue that D.G. fails to state a claim against them under the TVPRA. (ECF No. 10 at 7). The TVPRA creates two types of civil claims: (1) a claim against anyone who knowingly benefits from participation in a venture which that person knew or should have known has engaged in trafficking, and (2) a claim against the perpetrator of a sex trafficking crime. 18 U.S.C. § 1595(a). D.G. alleges TVPRA violations against defendants under both theories of liability. (ECF No. 14 at 25).

*1. 18 U.S.C. § 1595 (a) – Beneficiary Liability*

Defendants move to dismiss beneficiary-liability allegations, arguing that D.G. fails to allege facts showing that defendants knowingly benefitted from her trafficking, participated in ventures with her trafficker, or knew or should have known that she was being trafficked. (ECF No. 10 at 13-22). D.G. asserts that defendants are beneficiaries of her trafficking under 18 U.S.C. § 1595 (a) because they financially profited by renting the hotel rooms she was trafficked in. (ECF No. 14 at 12).

To bring a beneficiary claim under § 1595(a), a plaintiff must allege that defendants (1) knowingly benefitted (2) from participation in a venture (3) that they knew or should have known engaged in sex trafficking. 18 U.S.C. § 1595(a); *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1175 (9th Cir. 2022). The court finds that the D.G. set forth sufficient allegations to meet the first two elements for beneficiary liability, but fails to allege enough to support the third.

i. Knowingly Benefit

The first question is whether plaintiff has plausibly alleged that defendants knowingly benefitted pursuant to § 1595(a). *Id.* D.G. claims that defendants are beneficiaries because the Excalibur hotel financially benefitted from the room rentals that her trafficking occurred in. (ECF No. 14 at 12).

The court must draw all reasonable inferences in favor of the plaintiff at the dismissal stage. *Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 953 F.3d 1108, 1116 (9th Cir. 2020). Based on D.G.'s allegations, it is plausible that the defendants knowingly experienced higher revenues because of her commercial sex work. *See Tyla D. v. MGM Resorts International*, Case No. 2:24-cv-00698-APG-BNW, 2024 WL 4839744 (D. Nev. Nov. 19, 2024) (finding the same under an analogous set of facts). It is therefore inappropriate to dismiss plaintiff's claim on this basis.

ii. Participation in a Venture

Participation in a venture is "an undertaking or enterprise involving risk and potential profit." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 724 (11th Cir. 2021). A venture under § 1595 can be an isolated act of sex trafficking but can also be a business whose primary focus is not on sex trafficking. *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 554 (7th Cir. 2023).

VICI owns the property on which the Excalibur hotel is located, while MGM operates the hotel. (ECF No. 1 at 4). Owning and operating a hotel is a commercial venture, and it is reasonable to infer that operating a hotel necessarily involves many persons and entities taking part "in a common undertaking or enterprise involving risk and potential profit." *Tyla D.*, 2024 WL 4839744, at *3 (quoting *Red Roof Inns*, 21 F.4th at 725). Given that the court liberally interprets what satisfies as participation in a venture, the court finds that plaintiff has sufficiently pled this element. *See C.C. v. Rashid*, Case No. 2:23-cv-02056-GMN-BNW, 2024 WL 5200543 (D. Nev. Dec. 20, 2024).

iii. Defendants Knew or Should Have Known the Venture Involved Sex Trafficking

The final question is whether D.G. has plausibly alleged that VICI and MGM knew or should have known that their ventures violated the TVPRA. *See id.* D.G. asserts that defendants "deliberately turned a blind eye to her commercial sex work." (ECF No. 1 at 24). However, beneficiary liability requires more than a defendant's knowledge of general commercial sex activity taking place at its property. *Tyla D.*, 2024 WL 4839744 at *4. The TVPRA requires a showing of sex trafficking by force, threat of force, or coercion. *Id.*

First, D.G. pleads general sex trafficking statistics as evidence of defendants' knowledge, but this does not support the contention that defendants knew or should have known of her trafficking. (*See* ECF No. 1 at 9, 14); e.g., *Marcy C. v. MGM Resorts Int'l*, Case No. 2:24-cv-2027 JCM (MDC), 2025 WL 3187434, at *6 (D. Nev. Nov. 13, 2025); *A.B. v. Hilton Worldwide Holdings, Inc.*, 484 F. Supp. 3d 921, 938 (D. Ore. 2020).

D.G. then mentions two specific interactions with Excalibur hotel employees. Plaintiff argues that one maintenance employee knew she was being trafficked, "based on the obvious circumstances in the room, including her appearance, the presence of numerous condoms and wrappers, and the fact that both beds showed signs of use." (ECF No. 1 at 18). The interaction fails to exemplify how he knew she was being trafficked by force or coercion. *See Parker v. Bally's Corp.*, Case No. 2:24-cv-01880-CDS-MDC, 2025 WL 2421231, at *7 (D. Nev. Aug. 20, 2025) (citing *A.B. v. Extended Stay Am. Inc.*, 2023 WL 5951390, at *6 (W.D. Wash. Sept. 13, 2023))

("[c]onclusory statements that certain things are 'obvious signs of sex trafficking' do not satisfy the pleading standard").

D.G. describes another interaction with an Excalibur hotel security guard. The guard asked what Plaintiff was doing and then attempted to solicit her for commercial sex work. (ECF No. 1 at 18). Although the security guard's reaction was inappropriate, nothing indicates that he knew Plaintiff engaged in sex acts as a result of force, threats, or coercion. *But see H.S. v. Red Roof Inns, Inc.*, Case No. 2:22-cv-3778, 2024 WL 1347393, at *1 (S.D. Ohio Mar. 29, 2024), Case No. 2:21-cv-4933, 2024 WL 4945135 (S.D. Ohio Dec. 3, 2024) (finding that a hotel employee going directly to plaintiff's trafficker to solicit sex acts makes it more likely that they should have known she was under coercion); *I.R. v. I Shri Khodiyar, LLC*, 723 F. Supp. 3d 1327, 1337 (N.D. Ga. 2024) (treating a "managerial employee's" "solicit[ation]" of the plaintiff for sex in exchange for free lodging as evidence of the hotel's participation in a sex trafficking venture).

D.G.'s interactions indicate, at best, that Excalibur hotel employees knew she engaged in commercial sex work, but not that she was being trafficked under threat or coercion. Courts in this district agree that "[i]t is not enough to establish a defendant's knowledge of general commercial sex taking place at its property" to allege the 'knew or should have known' prong. *Id.* (quoting *Tyla D.*, 2024 WL 4839744 at *4).

Aside from specific employee interactions, D.G. also asserts that defendants knew or should have known that she was being trafficked because she could be heard crying and screaming in her room. (ECF No. 1 at 18). Screams can depict constructive knowledge of trafficking. *See Bally's Corp.*, 2025 WL 2421231, at *7 (finding that plaintiff's allegations of audible screams on numerous occasions, visible injuries and bruises, being "left for dead" for her trafficker were, "a close call," enough to survive a motion to dismiss).

That said, a singular, ignored scream is not sufficiently plausible to survive motion to dismiss. *But see id.*; *A.B. v. Interstate Mgmt. Co., LLC*, Case No. 3:23-cv-00388-IM, 2024 WL 5264652, at *2–3 (D. Or. Dec. 31, 2024) (plaintiff's allegations of visible signs of malnourishment, trafficker exerting control over her in public places, and trafficker yelling at her and throwing her on the bed, or against the wall in the hotel room causing loud noises [in totality] were sufficient to

survive a 12(b)(6) motion) (alteration in original). D.G. does not assert that she screamed on multiple occasions, for long durations, or that a hotel employee was present to hear said screams. (ECF No. 1 at 18).

Accordingly, D.G. fails to show how defendants had constructive knowledge that she was being trafficked through force, threats, or coercion. Therefore, Plaintiff cannot proceed with her beneficiary liability claim.

*2. 18 U.S.C. § 1595 (a) – Perpetrator Liability*

D.G. also contends that defendants are "perpetrators" under 18 U.S.C. § 1595 (a) because defendant employees "actively secluded her in a remote area of the hotel and 'facilitated' the trafficking." (ECF No. 14 at. 23). VICI and MGM move to dismiss these allegations, arguing that Plaintiff failed to show that they knowingly assisted, supported, or facilitated her alleged trafficker within the meaning of Section 1591(a). (ECF No. 10 at 23-25). The court agrees.

To state a claim for perpetrator liability, a plaintiff must plead facts showing, among other things, that a defendant knowingly:

> "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits ... a person ... knowing, or ... in reckless disregard of the fact, that means of force, threats of force, fraud, coercion ... or any combination of such means will be used to cause the person to engage in a commercial sex act."

18 U.S.C. § 1591(a).

D.G. failed to plead the more lenient, constructive knowledge element for beneficiary liability. Thus, it follows that she cannot satisfy the more stringent, actual-knowledge requirement needed for perpetrator liability. *See Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1141 (9th Cir. 2022) (a perpetrator liability claim requires "actual knowledge of the trafficking and must 'assist, support, or facilitate' the trafficking venture").

In attempt to prove actual-knowledge, D.G. asserts that employees assigned her to hotel rooms "away from guests." (ECF No. 1 at 19). However, there is no evidence that hotel employees intentionally placed D.G. in secluded rooms to assist with her trafficking. In fact, the room placement was made at her trafficker's request. *Id.*; *see K.S., pseudonymously, Plaintiff, v. DHILLON, et al., Defendants*, Case No. 3:25-cv-00408-MMD-CSD, 2026 WL 2475947, at *4 (D.

Nev. Aug. 24, 2026) ("Accommodating hotel guests' requests for secluded rooms is attributable to circumstances other than sex trafficking and does not impute actual knowledge of Plaintiff's trafficking."

Additionally, TVPRA claims usually involve a defendant either directly supporting a sex trafficker or forming a tacit agreement with the trafficker through a continuous business relationship. *See J.M. v. Choice Hotels Int'l, Inc.*, Case No. 2:22-cv-00672-KJM-JDP, 2023 WL 3456619, at *2 (E.D. Cal. May 15, 2023) (hotel staff rented rooms to traffickers away from other guests and instructed "johns" to hurry up as they come and go); *J.K. v. Ramada Worldwide, Inc.*, Case No. 1:23-cv-108-TWT, 2023 WL 5621913, at *2 (N.D. Ga. Aug. 30, 2023) (hotel employees zip-tied the crash bar of a door to keep it from locking so that commercial sex purchasers could enter and exit).

In sum, D.G.'s allegations fall short of showing that defendants had actual knowledge or took any affirmative action to harbor or facilitate sex trafficking. Thus, there are insufficient facts to support a perpetrator liability claim.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 14) be, and the same hereby is, GRANTED with prejudice.

Dated this 8th day of September, 2026.

James C. Mahan

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE